DonAhue, J.
The first defense contained in the answer of the defendant to the relator’s petition challenges the validity of the title of the state to the armory site conveyed to it by the city of Akron.
If this title is not a valid one then the attorney general properly refused to prepare a contract and bond under which money of the state will be expended in the construction of an armory building upon land not owned by it.
It is admitted that the city has procured and paid for a site, worth approximately $65,000, and deeded the same to the state for the purpose of building an armory thereon, and that the deed has been accepted by the state armory board and placed of record.
Section 5256, General Code, authorizes the state armory board to receive gifts of land, money or other property for the purpose of aiding in the purchase, building, furnishing or maintaining of an armory building. The board, therefore, had the *384 right to accept on behalf of the state this deed of conveyance from the city of Akron, and, having accepted the same, neither the state nor the attorney general on behalf of the state is in position to question the validity of the transfer. (Tone v. Columbus, 39 Ohio St., 281; Markley v. Village of Mineral City, 58 Ohio St., 430.)
In the case of Markley v. Village of Mineral City, supra, it was held that —
“Where, for the purpose stated, a village has undertaken to purchase and acquire title to land and to convey it to a person on consideration that he will build and operate manufactories within the village, and afterwards brings its action against such person to set aside the conveyance and obtain a reconveyance of the property, with possession thereof, a court of equity will not lend its aid to either party, but will leave them where they have placed themselves.”
This would seem to be dispositive of the question presented by the demurrer to the first defense. The right of the city to make this conveyance to the state was not challenged by any taxpayer of Akron in time to prevent the execution and delivery of the deed to the state. It is now too late for either party to the transaction to question the validity of the title so conveyed, and therefore the demurrer to the first defense of the answer must be sustained.
It is averred in the second defense that the appropriation of $75,000 by the general assembly for the purpose of constructing this armory is not available until the citizens of Akron shall have *385 deeded to the state of Ohio a lot suitable for a site for such armory. Certainly this condition in the law appropriating this money to construct an armory building in the city of Akron must be reasonably construed; otherwise the fund appropriated could never become available. All the citizens of Akron cannot possibly join in the execution of a deed. It is sufficient if some of the citizens .of Akron deed or cause to be deeded to the state of Ohio a lot suitable for a site for such armory.
' The tender of this deed by the city of Akron was a tender to the state of a compliance with this condition, and the state armory board, acting for the state, and having full authority so to do, accepted it. It is too late now to raise this objection. The demurrer to the second defense must be sustained.
The third defense is equally vulnerable to this demurrer. It is averred in that defense that the law appropriating this $75,000 to construct an armory building in the city of Akron further provides that it shall not be available until the citizens of Akron shall have contributed $50,000 towards the construction of such armory and that this sum of money has not been contributed to the adjutant general of Ohio, but only placed to his credit.
The fact that this sum has been placed to the credit of the adjutant general of the state is a substantial compliance with the condition imposed by the appropriating act. The citizens of Akron have parted with all authority and control over this fund, and the state armory board has the right and authority to expend the same for the purposes for which it was. donated.
*386 It is averred in the fourth defense that the city of Akron acquired the real estate deeded by it to the state by appropriation proceedings, for the use of the corporation for public halls and offices and not for the purpose of donating the same to the state of Ohio. That the city did not intend to use the land appropriated for municipal purposes would have been a good defense by the owner in the appropriation proceedings, if sustained by the evidence, but it is no longer a question of importance. The city did not appropriate a mere easement in this property. It appropriated and paid for a fee simple estate therein. The former owner has no reversionary interest in the property (Section 3691, General Code). The city has the right to dispose of it by deed whenever it has no further municipal use therefor. It appears, however, by the fifth defense that the city is to have such use of the building to be erected upon this property as was contemplated in the appropriation proceedings. The demurrer to this defense must be sustained.
It is averred in the fifth defense, that —
“The plans and specifications prepared by the state armory board for an armory, for the erection of which the relator seeks to compel defendant to prepare a contract, contain provisions for an auditorium suitable for civic purposes by the city of Akron; that said state armory board is without authority in law to erect any building other than one for the purpose of drill and the safe-keeping of arms, clothing, .equipments, and other military property issued to the organizations of organized militia to be housed therein and rooms for the *387 Grand Army of the Republic and the United Spanish War Veterans.”
It is also averred in the petition that an agreement was entered into between the city of Akron and the citizens of Akron on the one part and the-state of Ohio on the other, that the plans and specifications for this armory building should provide a place suitable for the drill and instruction of the police and firemen of the city of Akron, and for a suitable auditorium available to the city of Akron for all civic purposes.
Even if the defendant were in position to raise the question of the constitutionality of Section 3631, General Code, in this case, the agreement and arrangement between the city and the state would distinguish this case from the cases of Wasson et al. v. Commissioners, 49 Ohio St., 622, and Hubbard, Treas., v. Fitzsimmons, 57 Ohio St., 436.
In each of these cases the respective counties obtained no advantage or benefit except the benefit incident to the erection of a public building within their limits. In both of these cases it was held by this court that the expense incident to the performance of a duty of a general state character cannot be made the subject of a local imposition of taxes, and that the taxes by which such an expense must be met must be levied by uniform rule upon all the taxable property within the state.
With this doctrine we have no quarrel, but the case under consideration involves no such question. The city of Akron is to receive a direct benefit in the use of the building to be erected. It is to be constructed upon a plan that will provide rooms suit *388 able for the drill and instruction of the police and firemen of the city of Akron, and an auditorium available to the city of Akron for all civic purposes not interfering with the proper use of the armory by the state militia.
The city of Akron has a right to build an auditorium for civic purposes. It has a right to provide for a room or rooms for the drill and instruction of its police and firemen, and for this purpose it is authorized to levy taxes upon all property within the corporate limits.
This fifth defense raises no question of the authority of the city to enter into this arrangement with the state armory board, under which arrangement it will secure valuable rights for municipal purposes that would authorize the levying of a local tax. On the contrary, the contention is that the state armory board is without authority of law to enter into any such arrangement or to permit an armory building to be used for any purposes other than those named in the statute.
Section 5255, General Code, is hardly subject to such limited construction. This section does confer upon the state armory board some discretion. The statute requires the state armory board to provide armories for the purpose of drill, and for the safe-keeping of arms, clothing, equipments and other military property issued to the several organizations of organized militia, and to this end it is authorized to purchase or build suitable buildings when, in its judgment, it is to the best interest of the state so to do. If the state armory board decides to build an armory building it must be such a *389 building, and such a building only, as will meet the needs of the organized militia of the state; but that board is the sole judge of the character of the building required for- that purpose.
The averment in the fifth defense of the answer that this armory building is to contain an auditorium suitable for civic purposes, is not an averment, nor is it the equivalent of an averment, that the armory building proposed to be constructed is not such a building as will be required to meet the needs of the organized militia of the state in that locality. The fact that it may be available for other uses in nowise negatives the presumption that the state armory board has, in the exercise of its discretion, adopted only such plan of construction as will best meet the needs and the purposes for which it is authorized to build an armory.
On the other hand, it is perfectly proper for the citizens of Akron to withhold their contribution to the cost of construction until they know the kind of building to be erected. If, in the judgment of the state armory board, a trifling little building would be sufficient for the needs of the organized militia in that locality, the citizens of Akron would not be interested in such a structure; but if the state armory board determines that such needs require the construction of a substantial building, parts of which may be suitable and available for civic purposes, without interference in any way with the proper use of the building by the state militia, then they would naturally be interested in having such a building constructed in their city, and to that end would contribute to its cost.
*390 That it is designated as an “auditorium-armory’’ in the relator’s petition cannot and does not change the character of the building nor make it other than an armory building. It signifies merely that it is to contain an auditorium, or at least a room of such dimensions that it can be utilized as an auditorium, but it does not mean that this room is not necessary to the needs of the organized militia of the state for drill and other purposes.
The provision that this room will be available to the city of Akron for civic purposes when the use will not interfere with the proper use by the state militia, certainly means that the state militia is to make use of this room or auditorium for its purposes at any and all times it may require it.
The state armory board is to have full control and management of this building, and the right to adopt and prescribe such rules and regulations as may be necessary and desirable for the management, government and guidance of the organizations occupying it, and that is all that the statute requires.
The demurrer to the answer of the respondent is sustained as to each defense contained therein, and the respondent not desiring to plead further it is ordered that, a peremptory writ issue as prayed for in the relator’s petition.

Peremptory writ allowed.

Nichols, C. J., Johnson, Wanamaker, Newman, Jones and Matthias, JJ., concur.